PATTERSON, Chief Justice,
for the Court:
This is an appeal from the Circuit Court of Hinds County, First Judicial District. The court held the loan agreement between the parties was not “altered” within the meaning of Mississippi Code Annotated section 75-17-17 (Supp.1978). The issue before the Court is whether a loan consummated before July 1, 1974, but paid in full thereafter but before maturity in the absence of a prepayment clause, “altered” the note so that Section 75-17-17 has application. This section provides:
Loans made and credit extended prior to July 1, 1974 shall continue to be governed by the provisions of laws governing such loans and extensions of credit which were in force at the time such loans or extensions of credit were made, including laws repealed hereby except that finance charges contracted for or received prior to July 1, 1974 shall not be unlawful if *803 the finance charge contracted for or received conforms with the provisions of this act or other law then in effect. Any loan or note renewed, refinanced, deferred or otherwise extended or altered on or after July 1, 1974 shall conform with the provisions of sections 63-17-13, 75-17-1, 75-17-13 through 75-17-17, 75-67-127 and 75-67-217.
On April 1, 1974, the Ashleys secured a loan from Cumberland Financial Services. A promissory note evidenced the debt and a second deed of trust was taken on properties owned by the Ashleys as security for the loan. The note called for monthly installments of $178.77 to repay the principal amount of $5,000, finance charges of $5,189.89, and credit life of $536.31, a total amount of $10,726.20.
After making fifteen monthly payments, the Ashleys desired to repay the loan in the amount then due and requested this figure from the finance company, because the note did not contain a provision for prepayment.
After negotiation, the Ashleys paid the appellees $7,039.85 on September 25, 1975, which was accepted as payment in full.
The appellants now contend the note was “altered” when it was terminated by payment so that Section 75-17-17 has application, thereby allowing the appellants to be refunded finance charges as calculated by the “Rule of 78ths,” Mississippi Code Annotated section 75-67-127 (Supp.1978).
The legislative intent must be ascertained from the last portion of Section 75-17-17 which provides:
Any loan or note renewed, refinanced, deferred or otherwise extended or altered on or after .
We are of the opinion the legislative intent was to make the section applicable to any nóte modified, renewed, refinanced, deferred or otherwise extended so that the note for the remainder of its life was changed or modified. The terms of the statute, in our opinion, do not. include, and were not intended to include, the payment of a note in full, thereby terminating it.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.